Your Honor, and may it please the Court, Mark Perry for NASD Dispute Resolution. The complaint in this case was filed in 2002. The case, while standing on appeal, has become moot. The sole relief that the plaintiffs, my client and our co-plaintiff at the New York Stock Exchange, sought in the complaint has since been rendered by this Court and by the California Supreme Court. The only real question we submit before the Court today is whether the district court opinion, the judgment of the Court below, should be vacated. The parties have presented the Court with two leading Supreme Court decisions and essentially disagree as to which control is here. The plaintiffs, the appellants, submit that the Supreme Court's decision in Munsingware provides the rule of decision in this case. In Munsingware, the Court held that it is the duty of an appellate court to vacate the judgment of a lower court when the case becomes moot on appeal. My opponents, the Judicial Council and its members, submit that Munsingware is not the controlling case, but rather that the Bonner-Mall decision, which carved out an exception to Munsingware for settlement, should be applied here. We disagree with that assessment, Your Honors. Let me ask you something. We had sort of a unique aspect to this case, and that is this, it seems to me. The issue that you are concerned about is whether or not the NASD and your clients may maintain their own rules in light of the California pronouncement that all neutral arbitrators had to comply with the new Judicial Council rules. But that wasn't the basis of the decision by the district court. The district court never really reached that issue. It simply said that the service and the bringing the Judicial Council in essentially violated the Eleventh Amendment, among other things. So that decision, and during the course of the case, as you pointed out correctly, your issue becomes mooted by the Supreme Court in California and this Court. But don't we have a unique situation here where the district court's decision reached a different issue, and why should we vacate that? Because that gets to an issue that does have ongoing concern, and that is what is the nature of the Judicial Council vis-a-vis its being subject to service and et cetera. It seems this falls somewhere a little different than the cases I've seen. Your Honor, I think the set of facts you've described are exactly right and actually lend themselves in favor of vacater for this reason. The court issued, the district court issued a ruling on the Eleventh Amendment immunity of Judicial Council members. This Court is precluded by Article III from passing on the correctness of that ruling. This Court could only give an advisory opinion on that question. So we have an outstanding judgment, valid when it was entered, but not subject to review on appeal. That is precisely the Munsingware situation. I thought that might be your answer. In Munsingware itself, of course, the executive agency had repealed the price control regulation that had served as the basis for the district court's judgment. So the issue on appeal never could be resolved. Here, that Eleventh Amendment question, we have briefed it. It's interesting. We think we're right on it as well. But the correctness and incorrectness should not matter, we submit, for the Munsingware issue. The Court should not look to the merits of that ruling, rather only the fact, as Your Honor pointed out, that it may have continuing effects. It may have effects on my clients were we forced into the situation again of being in litigation with the Judicial Council, where they could assert as a collateral estoppel matter that we are not able to bring them into Federal court. We seek only here the vacator to prevent that from the future and leave all those things for future cases because of the intervening mootness. So while it's not the underlying issue is different, I would submit that actually supports vacator rather than cuts against it. The Bonner-Mall decision, Your Honors, on which the Judicial Council relies, really doesn't apply here. The question, the first line of Justice Scalia's opinion in that case says, the question in this case is whether appellate courts should vacate civil judgments in cases that are settled after the appeal is filed. And the Court ruled no. This case was not settled after the appeal was filed. This case has never been settled. This case was rendered moot by no fault of either party. The Bonner-Mall decision makes clear that the cause of the mootness, the party to whom it should be attributed, is in fact the pivotal question. And that word pivotal appears in this Court's on-bank decision in the Dilley case, quoting the Supreme Court's decision in the Anderson v. Green case, which appears in the same volume of the U.S. Reports as Bonner-Mall itself. The pivotal question, who caused the mootness, it was not the Judicial Council, it was not the plaintiffs. It was this Court and the California Supreme Court in the Grunwald and Jevny decisions, respectively. The Judicial Council makes a half-hearted, I would submit, a one-paragraph suggestion that those decisions should be attributed to my clients because we participated in them. We submitted an amicus brief in the Grunwald case. We intervened in the Jevny case. And I argued both cases in both courts. But, Your Honors, there is no case holding that a litigant that successfully persuades an appellate court to adopt a particular rule of law has caused that event to come about. And to the contrary, that argument is in significant tension with Marbury v. Madison and every case that follows it. This Court declares what the law is and always has been. We had a view on that, and we submitted that view to the Court. But the decisions of the Court was a judicial act by this Court and by the California Supreme Court. It is external to the parties to this case. It is happenstance within the words of Munsingware, and it requires vacator as a result. The Munsingware rule is not optional. It's not discretionary. It contains no equitable exceptions other than for settlement. This Court has described it in terms that include automatic, mandatory, and required. That's in the PUC v. Firk case and many other cases. The – that is the whole dispute. I'm happy to answer questions. I'm kind of – curiosity compels me to ask the question that really doesn't go to the heart of the dispute. But why do you care? Why does your client care? Why, in a sense, does anybody care, given that, as you, I believe, point out in your reply brief, the district court opinion is going to be an F-SUP in any event, and district court opinions aren't deemed binding precedent by anybody else anyway. So this dispute has gone on for some period of time. Why are the parties continuing to fight over it? Your Honor, the two-word answer is collateral estoppel. We hope that it never becomes necessary for the exchanges to sue the judicial counsel again. But if we were to do so, we believe we have an absolute right to go to Federal court under Section 27A of the Exchange Act. The judicial counsel believes it has an absolute right to stay out of Federal court under the Eleventh Amendment. And that is a dispute that we believe should be joined fairly and in a reviewable situation rather than have this case stand as a barrier in a future case. So that's what I gleaned. This is a just-in-case appeal? Every Munsingware case is a just-in-case appeal, Your Honor. What the Supreme Court said in Munsingware is if you don't ask for vacator, the district court judgment is binding. That is the core holding of Munsingware. Munsingware, therefore, puts litigants on notice that if you don't want to be bound, you must go to the court of appeals and ask for vacator. Ergo, I stand before you asking for it. If I have no further questions, Your Honors, I reserve the right. Thank you. Thank you. And I'll hear from the Judicial Council's counsel. May it please the Court. David Ettinger on behalf of the Judicial Council of California. Vacator is an extraordinary and an equitable remedy, and the Supreme Court has instructed that courts must take into account the public interest before vacating a judgment. Well, that's true, but don't you have to put that in the context of Munsingware being an automatic application of principle? I mean, you can't take Justice Scalia exactly at his word. You've got the Munsingware rule being applied time after time. People will say just Munsingware it, and that's it. So although it's very nice to say, well, take everything into account, that isn't the way it works. Well, Munsingware is a situation, and in the vast majority of situations where vacator is sought, there is a possibility of the decision having an adverse effect in the future, an adverse preclusive. They say it will have an adverse effect and make some culpable showing. And if you don't think it has an adverse effect, why are you arguing this? Well, we have two reasons as to why we think the decision should stand. But the more important question is, is it's their burden to show that it shouldn't. Well, not much of a burden, because there's a footnote in Bonner Mall that makes the point of saying, look, we stand by Munsingware's dictum that mootness by happenstance provides sufficient reason to vacate. So it's not so extraordinary anymore. If this is mootness by happenstance, then you vacate. Well, they did say it is an extraordinary remedy, and they did not have before them, nor has this Court had before them, a situation where there wasn't any chance of preclusive effect in the future, and that the only reason for wanting to vacate the opinion was to eliminate adverse precedential effect. Well, but it doesn't have precedential effect. It doesn't have binding precedent. Well, I use precedent in the broader sense of the case. In the broader sense, you've still got the precedent, except your citation to the district court opinion might have to say, vacate it on other grounds. Well, it'll say vacate it. It'll have the red flag in Westlaw. It will taint the opinion. It will weaken the precedential and persuasive. Well, you know, we regard opinions of the circuit court as binding. We regard opinions of the district court as interesting. And I think it's a very weird thing. Yeah, right. At least it makes them interesting. But let me follow up on that, and that is it's very clear here that the district court was concerned about its opinion. I'm looking at page record 65, talking about it's in sort of this odd situation where they can't find a government defendant to sue. They'll have no choice but to wait for other parties and then try to come in as amicus, et cetera. And there's no chance, as counsel has pointed out, in light of the other two decisions, to ever even appeal this case, to challenge it on appeal. Why under the circumstances here should we let this stand as opposed to vacate it and let the same issue come up in a more direct situation? Well, the question is why not? Why not let it stand? Because it is their burden. But the only reason for a Munsingware vacater, Munsingware or U.S. Bancorp vacater, is to eliminate the possible preclusive adverse effect of an opinion. And here that just doesn't exist. Oh, Munsingware doesn't recite that as a requirement. I mean, you may infer that if there's not a preclusive effect, why does somebody care to bring it in? But if somebody cares enough to bring it in, I don't read anything in Munsingware that says that we lean back and make another judgment as to whether it really makes a difference or not. I mean, that seems to be the party's election. In Munsingware, that was clearly what the problem was, was that it was having a preclusive effect. In fact, the vacater portion of the Munsingware opinion is dicta because it came up in a collateral estoppel, a res judicata context. And the Court said, well, this does have res judicata effect because you didn't ask for vacater. And it probably would have been granted in that case if it had been asked for just because it was going to have that preclusive effect. But here the chances, there just is no realistic possibility of this having a preclusive effect in the future. It would have to be another case where plaintiffs sue the Judicial Council over these ethics standards, and these ethics standards have already been held by this Court and the California Supreme Court not to apply to the plaintiffs. So we have two interests. One is we think that a vacater does weaken the persuasive value, taints the persuasive value of the district court's opinion. Breyer, your case is never going to come up again. No, well. You just said it, wasn't it? Right. The case will never appear again. Right. So what's the second effect? Unless you mean a different plaintiff might sue you. It could, as far as precedential effect, the district court opinion might be valuable to the Judicial Council if it's sued by other parties over other matters, that the Judicial Council's Eleventh Amendment immunity. In my concern that you've got a case that you're saying might have precedential value or might have persuasive value in other cases, and yet it's a case that will never be, the underpinnings of which will never be challenged on appeal. In other words, the district court's case remains. In terms of the briefs, it's clear, and I can conjecture that your opponents wildly disagree with the results in the, with respect to the Eleventh Amendment. It will never, it has no chance of being challenged here, and yet you agree it may have persuasive impact in the future. So isn't that more reason to vacate it? No. I think that's a reason not to vacate. It hasn't been before, that factor has not been before this circuit, but there have been three other circuits who have said that when you're dealing with persuasiveness and precedent, as opposed to collateral estoppel and preclusiveness, the precedential effect is a reason not to vacate. And I think those decisions are correct. Those three circuits that have said that, I think those are correct statements. And that's our interest here, and why to get vacator in the normal case, it's just it's sort of an undiscussed given that the harm is going to be future preclusive effect of the district court's judgment. But in this case, it's an unusual situation, as Judge Giavelli mentioned. It didn't the decision didn't reach the merits of why the plaintiffs brought this lawsuit. If the district court's judgment had been that there was no preemption, no Federal preemption of the standards, then there certainly would be a valid basis to vacate the district court's judgment. But here it was based on procedural grounds before ever reaching the merits. And those grounds, there is no danger, no realistic chance at all that there could be preclusive effect in any other case against the plaintiffs. So they have no reason for no valid reason for wanting the district court's decision vacated. What I think they want is that this case, the district court's opinion could be cited against them in other cases for its precedential effect, but that is not the type of adverse consequence that leads to vacater. That is the type of adverse consequence that should the counsels against vacater, as three circuits have found. And the Court should remember that the district court's opinion had adverse rulings against plaintiffs, not just on the Eleventh Amendment issue, but on other issues. For example, there was a – the district court found that there was no jurisdiction under the exclusive jurisdiction provision of the Securities Exchange Act. That provision could be used, could be cited as precedent, not as preclusive, but as precedent against the plaintiffs in this case, in other cases, with other parties. And if there are no further questions, I'll submit on that. Roberts. Thank you. Verbal. Three brief points, Your Honor. First, Bonner Mall at page 23 says, quote, ''Vacater must be decreed for those judgments whose review is prevented due to circumstances unattributable to any of the parties.'' In the argument today, Mr. Ettinger made no argument that this review has been precluded by the conduct of any party. Therefore, we are in the world of Bonner Mall that says the judgment must be vacated. The Judicial Council has not cited a single case anywhere in its briefs in which vacater was not ordered in these circumstances, and I am aware of no such case ever decided by any Federal court ever. Second, we have said that we hope it doesn't happen, but the Judicial Council may adopt other rules in the future. We may have to sue them again, and they will assert this decision as collateral estoppel. Mr. Ettinger did not dispute any of those propositions. He said that these standards have been declared preempted. That's absolutely true. He did not disavow any future rulemaking by the Judicial Council, and he did not disavow any attempt by the Judicial Council to use this decision as collateral estoppel. I don't think he could make such a representation because it's in the interest of his client to use that decision exactly in that fashion in the unfortunate event that further litigation was necessary. Practically speaking, I mean, you think of the potential intersection between your clients and the Judicial Council, it's hard to come up with very many outside this context. Your Honor, the Judicial Council may well decide to adopt other or additional rules relating to arbitrators, and if they don't include an exemption for the SRO arbitrators, we'll be right back in the same world we are. Well, maybe, but given that the State supreme court has itself said this is preempted, it's – Your Honor, I hope you're correct. I would point out, we point out in our reply brief, the State Bar of California, another State agency, has an ongoing rulemaking right now that would make all arbitrators who are also licensed to practice law subject to the California standards. We think that rule, if adopted, would be preempted for exactly the same reasons that the Court ruled in Grunwald and the Supreme Court ruled in Jeveny. We don't want to go through another round of litigation. We've put in a comment in that rulemaking asking for the exemption, just as we did in the Judicial Council rulemaking. We think we're entitled to that exemption as a matter of Federal law. You know, I want to be very clear that we hope there is no future litigation over the intersection between California arbitration standards and the SRO arbitrations, but we are required by Federal law to conduct our arbitrations pursuant to our rules. Any State rules, here or elsewhere, that conflict with those rules, we are going to have to resolve in some fashion. That is the future effect. It may not go about, but it is not hypothetical or speculative. It is possible. It's not immediate, but it is possible. And it certainly hasn't been disavowed by the Judicial Council. Which leads to the third and final point I'd like to make, which is Mr. Ettinger makes a persuasive point of the persuasive value of the district court's opinion. The opinion retains its persuasive value regardless of whether that red flag is put on it. Judge Conte's reasoning is as good as Judge Conte's reasoning is. It can be cited in future cases with the red flag. And if it's persuasive to future courts, it will be followed. What we seek to avoid is not the persuasive effect. Put this in my reply brief. We don't seek to tear the pages from the pages of the Federal Supplement. We seek that red flag simply to indicate, first, that we're not bound as a formal matter of collateral estoppel, and second, to the extent other parties seek to use it against us in other contexts, that we were precluded by the vagaries of circumstance from seeking appellate review of the correctness of that decision. It may well be correct. I think it's wrong, but it may well be correct. This Court does not have the Article III power to say, which is why Munsingware requires vacater in these circumstances. Thank you, Your Honor. Roberts. Thank both counsel for the argument. The case just argued is submitted, and we are adjourned.
judges: Noonan, Clifton, Schiavelli